PEOPLE, PLAINTIFF AND APPELLEE, *v.* AQUINO, ALIAS BOTÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in a Prosecution for False Representation.

No. 1362.—Decided June 13, 1919.

SALE OF RUM—ILLICIT CONTRACT.—Although in civil suits which may arise from transactions for the sale of liquor in cases forbidden by law the courts will lend no aid to the parties for obtaining the fulfilment or rescission of such unlawful contracts, in criminal prosecutions originating therefrom the rule is different, because then the judicial power is not used in aiding an individual to secure the benefits of an immoral business but in prosecuting a criminal.

ID.—FALSE REPRESENTATION—INFORMATION.—The defendant herein pleads that the information does not sufficiently charge him with the crime of false representation because it does not specify the false pretenses which he resorted to for its commission. *Held:* That the information is sufficient and actually sets forth what constituted the misrepresentation, the same being contained in the allegation that the defendant, with the deliberate purpose of defrauding Rosario Concepción, sold him five gallons of rum apparently contained in a demijohn, for the demijohn was prepared in such a manner that it only contained about a pint of rum in the upper part near the cork, the rest of

its contents being water. This misrepresentation induced the victim to part with his money, as he was led to believe that he was getting five gallons of rum.

The facts are stated in the opinion.

Messrs. *F. Jiménez Rivera* and *Oller & Rodríguez* for the appellant.

*Mr. S. Mestre, Fiscal,* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The appellant was charged with and convicted of the crime of false representation in that on a certain day of the month of June, 1918, he "wilfully, fraudulently and under false pretenses, with the deliberate purpose of defrauding Rosario Concepción, sold him five gallons of rum for the cash sum of fifty dollars, but failed to deliver the liquor, for instead he delivered a demijohn prepared in such a way that it contained only about a pint of rum in the upper part near the cork, the rest of its contents being water, thereby defrauding Concepción of the said sum of money which the defendant appropriated to himself."

Although the act complained of arose from the sale of rum, which is forbidden by the prohibition clause of the Organic Act of Porto Rico enacted by the Congress of the United States on March 2, 1917, and ratified at the election last held here, this does not prevent, if a crime were committed as a result of such sale, a criminal prosecution of the person who committed it, as we held in *People* v. *Medina,* 19 P. R. R. 676, and the cases therein cited.

As the evidence examined at the trial in the lower court is not before this court, the appellant contends only that the information is not sufficient to charge him with the commission of the crime of false representation, because it does not specify the false pretenses resorted to by him for its commission; because, in any event, the misrepresentations were of a fact whose falsity must have been known to the victim, and because the misrepresentations or simulations would

refer to a future act or a mere unfulfilled promise to do something.

Considering the wording of the information, we understand that it charges the defendant with having, for the purpose of defrauding the victim, made the false pretense of selling to him five gallons of rum apparently contained in a demijohn, the demijohn being prepared in such a way that it contained only about a pint of rum in the upper part near the cork, the rest of its contents being water; which misrepresentation induced the victim to part with his money, for, given the way in which the demijohn was prepared, he was reasonably led to believe that he was getting five gallons of rum.

As to the last ground set up by the appellant in support of his allegation that the information is insufficient, we will say that the information was based on the fact that he sold water as rum, which apparently it was, considering the construction of the demijohn which he delivered at the time of the sale.

The judgment below must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.